## Selden *versus* Merchants' National Bank of Meadville.

Mrs. Selden owned a United States bond for $5000, and assigned it to a bank as collateral, for $4700 lent to her husband. The bank attached the difference between the loan and the proceeds of the bond to pay a judgment subsequently recovered against the husband. *Held*, that the bond was the wife's and the difference was not liable for the husband's debt.

October 17th 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Crawford county* : No. 175, to October and November Term 1870.

This case originated in an attachment-execution issued by the Merchants' National Bank at Meadville against George S. Selden and E. Ellis ; to February Term 1867. The following facts in a case stated were agreed to by the parties :—

" In August 1865, the Merchants' National Bank of Meadville agreed to lend to George S. Selden $4700 on a $5000 United States 7-30 bond, belonging to his wife, as collateral security. Said bond was payable to his wife, Elizabeth W. Selden, or order, and was her own individual property, but before the loan was made Mrs. Selden endorsed the bond before H. B. Brooks, Esq., a notary public of Meadville, thus making it negotiable under the rules of the Treasury Department.

" A margin was purposely left at the time between the bond and the note, because it was feared the price might depreciate, in other words, $4700 was all the bank was willing to loan at the time on the security.

" The note was renewed June 30th 1866, for the same amount, $4700. Since the renewal the bank having obtained judgment against Selden and Dr. E. Ellis, December 15th 1866, for $1500, an attachment was issued thereon to secure the difference between the note and the bond, and the accumulated interest and premium thereon, amounting to $694.12 on April 25th 1867, at which time the bond was sold by consent of Mr. and Mrs. Selden. Plaintiffs claim judgment now for this sum and costs, after liquidation and payment of note of $4700 and interest for which the bond was originally given as collateral security.

" If the court should be of opinion that the execution-attachment issued in this case can take the balance of said 7-30 bond, after paying the said $4700 note for which Mrs. Selden consented to pledge it, then judgment to be entered for plaintiff for $694.12, the amount of said balance. But if the court should be of the opinion that the said balance of $694.12 could not be attached or held for the debt of the said George S. Selden, then judgment to be entered for the defendants, with leave to either party to take out a writ of error."

The court entered judgment on the case stated for the plaintiffs for $694.12.

The defendant Selden took out a writ of error and assigned the entry of the judgment for error.

*J. B. Brawley*, for plaintiffs in error, referred to Married Woman's Act of 1848: Rush v. Vought, 5 P. F. Smith 437.

*A. B. Richmond* (with whom was *R. Reisinger*), for defendant in error.

Judgment in the Supreme Court was entered October 23d 1871.

PER CURIAM.—The court below were manifestly in error in entering judgment on the case stated in this case, in favor of the plaintiffs below. The case stated admits in words, that the plaintiffs " loaned to George S. Selden $4700 on a $5000 United States 7-30 bond belonging to his wife, as collateral security; said bond was payable to his wife, Elizabeth W. Selden, or order, and was her own individual property; but before the loan was made Mrs. Selden endorsed the bond, before H. B. Brooks, a notary public of Meadville; thus making it negotiable under the rules of the Treasury department."

The bank would loan no more on the security of the bond, and the balance was left as a margin lest the bond might depreciate, and the whole be required as security. Such was not the case, however. After paying the loan a balance remained of the proceeds of the bond. Beyond a doubt this belonged to Mrs. Selden. She parted with the bond to secure the bank for the loan— that paid, she was entitled to the balance, else the Act of 1848, relative to the property of married women, is a nullity. Her general endorsement was for a special purpose, and this the bank knew; not as a gift to her husband, or her husband's creditors. The bank held the residue after paying the note in trust for Mrs. Selden. The judgment below is therefore reversed, and judgment on the special verdict is now entered for the defendants with costs.