## Pelliccioni v. Humbert, Deputy Receiver, etc.

252

*C. Randolph Myers*, for plaintiff.
*Clarence E. Davis*, for defendant.

GRIFFITH, J., October 23, 1943.—This is a bill in equity brought by Albert Pelliccioni, praying for an injunction restraining defendant from carrying out a sale of 10 shares of the capital stock of the Gallitzin Building & Loan Association, given on May 18, 1931, by plaintiff to the Citizens Bank of Gallitzin, now in charge of defendant as deputy receiver, as collateral security for plaintiff's note in the sum of $500.

After the taking of testimony on the preliminary injunction, a stipulation in writing was filed, signed by counsel for both parties, agreeing that the testimony taken on the preliminary injunction should be considered by the court as the testimony for the final hearing.

From the testimony, offer, and agreement of counsel, the chancellor makes the following

### Findings of fact

1. On May 18, 1931, plaintiff executed and delivered to the Citizens Bank of Gallitzin a judgment note in the sum of $500, payable 90 days after date, and as collateral security therefor deposited with said bank certificate no. 1435 for five shares of the fortieth series of the stock of the Gallitzin Building & Loan Association, and certificate no. 1436 for five shares of the forty-second series of the Gallitzin Building & Loan Association.

2. The said note contained the following, in regard to said collateral: "Having deposited herewith as collateral security for the payment of this or any other liability or liabilities of mine to the holder hereof, now

due or to become due, or that may be hereafter contracted, the following property, viz . . ."

3. On July 18, 1931, the Citizens Bank of Gallitzin was taken over by the Secretary of Banking of the Commonwealth of Pennsylvania, and George F. Taylor, Jr., was appointed deputy receiver.

4. At the time of the negotiation of his loan on May 18, 1931, and at all times thereafter, plaintiff was a stockholder in the said Citizens Bank of Gallitzin.

5. Before the Secretary of Banking made any finding of the necessity of levying a stock assessment against the stockholders of said bank, viz, during the year 1931, plaintiff personally, and by his attorney, G. Harry Isaacson, Esq., tendered payment of the amount of the note to the deputy receiver of said bank, and the deputy receiver refused to accept payment and turn over certificates nos. 1435 and 1436 of the stock of the Gallitzin Building & Loan Association.

6. In the early part of the year 1933 a stock assessment was levied upon the stockholders of Citizens Bank of Gallitzin by the Secretary of Banking, and the amount due by plaintiff as a result of said assessment was $1,000.

## Discussion

The testimony of plaintiff and his attorney to the effect that during the year 1931 several offers were made to pay this note is uncontradicted. There is also no dispute that these offers of payment were refused by the deputy receiver, for the reason that he was unwilling to deliver the stock of the Gallitzin Building & Loan Association to plaintiff because he felt that the Secretary of Banking might levy a stock assessment on the stockholders of the bank, of whom plaintiff was one. As a matter of fact, the secretary did not levy a stock assessment against the stockholders until at least a year and a half later. The fact that the offer was

not made in legal tender is not material because there is no testimony that defendant objected to the quality of the tender: Appleton v. Donaldson, 3 Pa. 381.

Plaintiff's liability as a stockholder was not a debt due the bank, but a security for the benefit of the bank's creditors: 9 C. J. S. 193. The question is whether the collateral agreement contained in the note was broad enough to include the possibility of a stock assessment being levied upon plaintiff. In our opinion it was not. The agreement permitted the bank to hold the collateral security for the payment of other liabilities "now due or to become due, or that may be hereafter contracted". This language should not be regarded as covering a contingent liability upon the pledgor, because no such intention is clearly indicated: 43 A. L. R. 1070; Selden v. Merchants' National Bank of Meadville, 69 Pa. 424.

### Conclusions of law

1. The offers of payment made by plaintiff and his attorney during the year 1931 constituted legal tender of the amount due by plaintiff to defendant at that time.

2. At the time the tenders were made by plaintiff to defendant, plaintiff's liability to the bank was a mere contingency.

3. At the time the tenders were made by plaintiff to defendant, it was defendant's duty to accept said tenders and return plaintiff's collateral.

4. The contemplated sale by defendant of plaintiff's stock must be enjoined.

5. The costs of this proceeding should be paid by defendant.

### Decree nisi

And now, October 23, 1943, upon consideration of the foregoing, it is ordered, adjudged, and decreed as follows:

The preliminary injunction heretofore granted is made permanent, and defendant is enjoined from transferring, negotiating, selling, or in anywise disposing of or alienating certificate no. 1435 for five shares of the fortieth series of the Gallitzin Building & Loan Association, and certificate no. 1436 for five shares of the forty-second series of the Gallitzin Building & Loan Association.

The costs of this proceeding be paid by defendant.

Unless exceptions are filed hereto within 10 days of notice hereof, the decree nisi shall become the final decree in the above-entitled cause.